UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW FOSTER,                       )
                                     )
                Plaintiff,            )
                                     )
     v.                               )    Case No. 04 C 43
                                     )
JO ANNE B. BARNHART,                  )    Magistrate Judge
Commissioner of Social                )    Arlander Keys
Security,                             )
                                     )
                Defendant.            )

## MEMORANDUM OPINION AND ORDER

On December 9, 2004, the Court issued a Memorandum Opinion and Order remanding this case to the Commissioner of Social Security. *See Foster v. Barnhart*, No.04 C 43, WL 2898041 (N.D. Ill. December 10, 2004). Shortly thereafter, Mr. Foster's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). A position is substantially justified if it was "grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'"

*United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)(quoting *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)).

Having won summary judgment in his favor and secured a remand, Mr. Foster is the prevailing party. Moreover, the Court granted summary judgment to Mr. Foster, and denied the Commissioner's motion for summary judgment, because it found that the ALJ failed to analyze Mr. Foster's allegations of pain, his claim that he needed to elevate his feet, or his allegations about the side effects of his medications. Instead, the Court found, the ALJ summarily concluded--after conceding that Mr. Foster's statements about foot pain after prolonged standing or walking were credible--found that any claim that his pain would not permit even sedentary work was not credible. *See Foster*, 2004 WL 2898041, at *8. The ALJ's lack of explanation of his credibility determination in this regard tends to demonstrate that the ALJ's position, and the Commissioner's defense of that position, were not substantially justified. *See, e.g., Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). The Commissioner has offered nothing in her opposition brief to persuade the Court otherwise. The Court, therefore, finds that an award is appropriate under the EAJA.

Having determined that an award is appropriate, the Court now turns to the question of the amount of the award. Counsel

seeks to recover fees covering 29 hours of attorney time at the rate of $148.75 per hour.

Looking first at the requested hourly rate, the Government does not challenge counsel's proposed rate, and the Court finds it to be reasonable. Additionally, after reviewing the time record submitted by counsel, the Court finds that the time spent pursuing this case was reasonable; indeed, the Government does not argue otherwise.

## Conclusion

For the reasons set forth above, the application for fees filed by counsel for Mr. Foster is granted. The Court awards fees under the EAJA in the amount of $4,313.75.

Dated: May 19, 2005

ENTER:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge